UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRICELDA FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:24-cv-00378-CDB (SS)<br><br>FINDINGS AND RECOMMENDATIONS ON STIPULATED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Docs. 20, 22)<br><br><u>Clerk of Court to Assign District Judge</u> |

    Pending before the Court is the stipulated request of Plaintiff Gricelda Flores ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,500.00 pursuant to 28 U.S.C. § 2412(d) to counsel for Plaintiff, Josephine M. Gerrard, filed on December 27, 2024.  (Doc. 22); *see* (Doc. 20).

    After Plaintiff filed her Application for Award of Attorneys' Fees on December 9, 2024 (Doc. 20), the parties represent in the instant stipulation that they engaged in good faith negotiations. (Doc. 22 at 1).  The parties stipulate and request that Plaintiff be awarded attorney fees and expenses in the amount described above subject to remaining terms of Plaintiff's Application for Award of Attorneys' Fees.  (*Id.*); *see* (Doc. 20 at 6) ("Plaintiff assigned her rights to the EAJA fee to her attorney, Josephine M. Gerrard, Gerrard Law Offices.  Plaintiff's counsel requests if the Department of the Treasury determines that Plaintiff does not owe a federal debt,

then the Government shall [have] the award to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff and the Federal Contract.").

On September 18, 2024, the Court entered an order on the parties' stipulation to grant voluntary remand and remanded this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18). Judgment was entered the same day. (Doc. 19). On December 9, 2024, Plaintiff filed the Application for Award of Attorneys' Fees. (Doc. 20). On December 27, 2024, Plaintiff filed the pending stipulation for attorney fees as a prevailing party. (Doc. 22); *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner does not oppose the requested relief and has stipulated and agreed with Plaintiff to amend the award to $8,500.00 under the EAJA, 28 U.S.C. § 2412(d), that is subject to the remaining terms of Plaintiff's Application for Award of Attorneys' Fees. (Doc. 17).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." (*Id*.). To be "substantially justified," the government's litigation position and the underlying agency action must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc). A determination that an ALJ's decision "was unsupported by substantial evidence is therefore a strong indication that the 'position of the United States'…was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Because "substantial evidence" is a "deferential…standard of review" and refers to "such relevant evidence as a reasonable person might accept as adequate to support a conclusion," a finding that substantial evidence is lacking usually means "the government's underlying action was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Here, the government did not show its position was substantially justified and the Court

finds that there are not special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $8,500.00. (Doc. 22 at 1). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the most recent published maximum rate,[1] the requested award would amount to approximately 35 hours of attorney time (not accounting for any paralegal time expended). The Court has reviewed the docket and finds this reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the certified administrative record in this case (approximately 630 pages; Doc. 11) and preparing a motion for summary judgment raising four issues for review throughout 10 pages of argument. (Doc. 12). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 18, 19).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

*Remainder of This Page Intentionally Left Blank*

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited December 27, 2024).

**Conclusion, Order and Findings & Recommendations**

Accordingly, it is HEREBY ORDERED:

1. The Clerk of the Court is DIRECTED to assign a district judge to this action.

And the undersigned hereby RECOMMENDS:

1. Plaintiff's stipulated request for the award of attorney's fees pursuant to EAJA (Docs. 20, 22) be GRANTED; and

2. The Commissioner be directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $8,500.00. Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel as set forth in the stipulation.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 30, 2024**

UNITED STATES MAGISTRATE JUDGE